NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1466

GUARDIANSHIP OF I.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a petition for appointment of guardian for an incapacitated person seeking guardianship of her daughter, I.S.  A judge in the Probate and Family Court allowed the plaintiff's petition and issued a decree and order appointing the plaintiff as I.S.'s guardian, pursuant to G. L. c. 190B, § 5-306 (b) (1)-(8).  The judge later also entered a supplement to the decree incorporating recommendations of a guardian ad litem (GAL) regarding contact between I.S. and her father.  The plaintiff appeals from the judge's supplemental order.  We affirm.

Background.  In December 2023, the plaintiff filed her petition seeking appointment as the guardian for an incapacitated person, her daughter, I.S., who was about to turn eighteen years old.  The father, representing himself, filed a

notice of appearance and objection.  Counsel was appointed for I.S. and on February 6, 2024, the plaintiff filed a verified motion for appointment of temporary guardian for an incapacitated person, pursuant to G. L. c. 190B, § 5-308.

At the February 27, 2024, hearing on the plaintiff's motion, the father told the judge that he agreed to the plaintiff's guardianship appointment but wanted the opportunity to occasionally see I.S. if it was "medically appropriate." I.S.'s attorney told the judge that when she asked I.S. about her father, "I can't recall the exact word that she used.  I don't know if it was something to the effect that he was yucky or something like that."  However, the attorney also expressed her concern that the father's lack of contact with I.S. might not be in her best interest and raised her concern about an "abuse of discretion issue" if the guardianship was allowed "without a little bit of an investigation and [] some assistance of guidance with parameters about how there should be some interaction" between I.S. and her father.  The judge asked the parties if they objected to the appointment of a GAL to investigate and make recommendations about whether the father should have contact with I.S.  The father and I.S.'s attorney agreed to the GAL appointment.  The plaintiff's attorney responded that he thought it was "premature" given that the father had not filed an affidavit explaining why he filed an

2

objection, but when the judge communicated his intention to appoint the petitioner "temporarily today," the attorney raised no further objection to the appointment of a GAL. Before concluding the hearing, the judge told the father that he needed to file an affidavit in order to continue to object in the case. Later that day, the judge appointed the plaintiff as I.S.'s temporary guardian with authority pursuant to Rogers v. Commissioner of Dep't of Mental Health, 390 Mass. 489, 504-507 (1983). He also appointed a GAL to conduct a "focused evaluation to determine if the father . . . should be allowed visitation or contact."

On March 1, 2024, the father sent a letter to the Probate and Family Court requesting visitation with and "communication access" to I.S. The plaintiff filed a motion to strike the father's objection for failure to comply with G. L. c. 190B § 1-401(e). On August 5, 2024, the judge denied the motion in a margin decision stating that the father's written statement "meets (albeit minimally) the requirements for an affidavit of objections." On the same day, the judge issued a decree and order appointing the plaintiff as I.S.'s general guardian, nunc pro tunc to June 11, 2024, and further ordered the parties to appear on September 10, 2024, "for a further hearing on what, if any GAL recommendations should be implemented."

In his report dated June 7, 2024, the GAL concluded that it was in I.S.'s best interests to have some contact and visitation with the father "after certain milestones are achieved."

At the hearing, continued by agreement to September 17, 2024, I.S.'s attorney told the judge that I.S. did not want to see her father. The plaintiff's attorney told the judge that the plaintiff acknowledged that "there may be some contact in the future."

On October 22, 2024, the judge issued an order incorporating the recommendations of the GAL in the decree as a supplement. The order stated that "in that decree the court had reserved its right to issue supplemental judgment without the need for anyone to subsequently file a petition to expand/limit the guardian's authority."

Discussion. 1. Contact and visitation order. We are not persuaded that the judge lacked the authority to order contact and visitation with the father on the guardianship petition. We review the judge's ruling for abuse of discretion or other error of law. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "The power to limit a guardianship is inherent in the power to appoint and remove a guardian, and is made explicit in the statutory language." Guardianship of B.V.G., 474 Mass. 315, 324 (2016). As the plaintiff acknowledges, the Probate and Family Court, "on its own motion or on appropriate petition or

4

motion of the incapacitated person or other interested person, may limit the powers of a guardian . . . and thereby create a limited guardianship." G. L. c. 190B, § 5-306 (c). While the father did not file a petition seeking a visitation order, he made clear to the judge through his letter and at the court hearings that he would like to have contact with I.S. We conclude that the judge had the authority to limit the guardianship even though he did not explicitly reference the authorizing statute in his ruling.[1]

2. GAL recommendations. The plaintiff argues that the judge erred by adopting the GAL's recommendations without conducting an evidentiary hearing and affording the plaintiff and I.S. the right to present evidence and cross-examine witnesses and the GAL. We are unpersuaded. "All that is required is that the guardian ad litem be available to testify . . . and that the source of the material be sufficiently identified so that the affected party has an opportunity to

_____

[1] The plaintiff contends that the judge erred by denying her motion to strike the father's letter because the father's request for visitation was not properly before the court and because the father did not object to or oppose the guardianship petition. The plaintiff also argues that the judge abused his discretion by failing to strike the father's letter under G. L. c. 190B, § 1-401 (f) because it failed to satisfy the affidavit requirement under G. L. c. 190B, § 1-401 (e). In light of our conclusion that the judge had the authority to issue a limited guardianship sua sponte, we need not address these arguments because the father's standing to object was not material to the outcome.

5

rebut any adverse or erroneous material contained therein." Pizzino v. Miller, 67 Mass. App. Ct. 865, 876 (2006), quoting Adoption of Georgia, 433 Mass. 62, 69 (2000). The plaintiff never sought an evidentiary hearing or asked for the opportunity to rebut the report. Nothing in the record shows that the plaintiff summonsed the GAL to the hearing nor did she request a further hearing date so that she could cross-examine the GAL. In fact, the plaintiff's attorney told the judge at the hearing on September 17, 2024, "[o]ur position is at this point the GAL recommendations not be included with the decree, and I don't think there's anything further that needs to happen." In these circumstances, there was no error in the judge's deciding the question without holding an evidentiary hearing.

The plaintiff's argument that the judge committed an abuse of discretion in adopting the GAL's findings is unavailing. A judge has "considerable discretion in adopting [a GAL's] findings and conclusions." J.S. vs. C.C. 454 Mass. 652, 659 (2009). The GAL recommended that the father be permitted to have contact with I.S. only after certain milestones were achieved. Although the plaintiff contends that the GAL failed to consider relevant information about I.S.'s medical condition, the plaintiff did not seek to cross-examine the GAL or seek an evidentiary hearing to challenge the report. "It was for the judge to decide whether to credit the guardian's report,"

6

Pizzino, 67 Mass. App. Ct. at 876, and to determine the weight of the evidence presented. See Petition of the Dep't of Social Servs. to Dispense with Consent to Adoption, 397 Mass. 659, 670 (1986). The judge acted within his discretion in adopting the GAL's recommendations.

3. Ineffective assistance of counsel. The plaintiff contends that I.S. was denied due process because her court-appointed attorney failed to represent her interests and zealously advocate on her behalf. The plaintiff did not file a new trial motion, and "where the record is inchoate, the preferred mode to give backdrop for appellate review might have been by a motion for new trial, which, if denied, could be joined with a direct appeal." Guardianship of L.H., 84 Mass. App. Ct. 711, 719 (2014). Given the limited record from the proceedings, which "does not provide us the necessary background to evaluate the attorney's tactical choices," we decline to reach the ineffective assistance of counsel claim. Id. at 719-720. See also Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002) ("[O]ur case law strongly disfavors raising ineffective assistance claims on direct appeal"). Furthermore, the record "does not reflect that a different result would have obtained, and that there was prejudice in the findings and orders." Guardianship of L.H., 84 Mass. App. Ct. at 720. Apart from what I.S.'s attorney reported to the judge, the judge knew about the

father's desire to see I.S. and had before him the GAL report and recommendations, which he had the considerable discretion to adopt.

<u>Order and supplement to decree dated October 22, 2024, affirmed</u>.

By the Court (Hand, Hodgens & Tan, JJ.[2]),

Clerk

Entered:  December 16, 2025.

---

[2] The panelists are listed in order of seniority.